UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL LOPEZ-RANGEL,<br><br>       Plaintiff,<br><br>   v.<br><br>PAUL COPENHAVER, et al.,<br><br>       Defendants. | Case No. 1:14-cv-01175 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

      Plaintiff Ismael Lopez-Rangel ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on July 28, 2014, pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff names USP-Atwater Warden Copenhaver, Health Service Administrators Ms. Mettry and Ms. Franco, Doctors Franco, Grossman and Grimm, Physician's Assistant Wong and Counselor Gardea as Defendants.[1]

**A.    SCREENING REQUIREMENT**

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on August 13, 2014.

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights.  See Bivens, 403 U.S. at 397.  "Actions under [42 U.S.C.] § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991).  To state a claim under Bivens, a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.  See Van Strum, 940 F.2d at 409.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 677-78.

**B.      PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at USP-Atwater, where the events at issue occurred.

Plaintiff alleges that upon arrival at USP-Atwater, he contacted Health Services and requested medical assistance for an eye problem.  Plaintiff told Health Services that he needed surgery for an eye infection.  Medical told him to submit a cop-out.  Plaintiff submitted a cop-out, but was then told to submit a sick-call form.  Plaintiff didn't understand because Defendant Dr. Franco told him to submit a cop-out, but Defendant Mettry of Health Services told him to submit a sick-call.

Plaintiff told Defendant Gardea, his counselor, about his medical problems, but he did not help.

Plaintiff then went to Defendant Copenhaver, the Warden. He told Plaintiff that Defendant Mettry was going to look into Plaintiff's eye problem, but she never did so.

Plaintiff submitted another cop-out and Defendant Wong received it. However, seven or eight months passed before Plaintiff received his first eye surgery. Plaintiff contends that the surgery was the result of Plaintiff's notification that he was going to initiate a complaint against medical.

Plaintiff also alleges that Defendant Wong performed a physical examination, not an eye examination.

After the first surgery, Plaintiff experienced intense pain, loss of sight, headaches and nausea. He requested medication and eye drops from Health Services, but medical indicated that Plaintiff needed to submit a cop-out and that he would be seen in two to three days.

Plaintiff followed orders and submitted a cop-out, but he did not get a response. Plaintiff submitted another cop-out.

After fifteen to twenty days of waiting in pain and without receiving medical assistance, Plaintiff removed the bandages from his eye because of the pain. He was not able to see properly and discovered that he was losing sight.

Plaintiff submitted another cop-out, but he was not called to medical and his cop-outs were not answered.

Plaintiff submitted three more cop-outs. Eight months later, he was called to medical and informed of a second surgery.

Plaintiff contends that prior to the second surgery, Defendant Grim administered anesthesia. However, he overmedicated Plaintiff, resulting in vomiting, headaches and dizziness.

Plaintiff alleges that Defendant Grossman performed the first two surgeries, but he failed to inform Plaintiff of any additional surgeries. He also alleges that Defendant Grossman failed to provide adequate medical care.

When Plaintiff returned from the second surgery, he experienced vomiting, nausea and respiratory problems. He was unable to stop vomiting, and medical gave him a shot to help reduce the vomiting. After the shot, Plaintiff was not given any other medical and was sent to his unit.

After arriving back at his unit, Plaintiff spent the night in pain. He notified Bureau of Prisons ("BOP") officials of his pain and eye problem, but they ignored his requests for medical attention. Plaintiff was told by the 6A-Unit BOP officials to submit another cop-out to medical so that he could get medical attention.

After three or four days, medical called Plaintiff to examine his eye. Plaintiff had pain in his eye, but he believed that the pain was going away and that he was going to be able to see clearly in a couple of days.

About twenty days later, Plaintiff spoke with Defendant Mettry and informed her that he had a blister and what looked like a water bubble in his eye. Defendant Mettry told Plaintiff that he should submit a cop-out.

Plaintiff submitted a cop-out and waited for a month with no answer. He submitted another cop-out, but again received no answer. Plaintiff then went to Defendant Copenhaver, Defendant Gardea, the Doctor and Physician's Assistant, as well as other medical personnel, to inform them of the blisters, red spots, water bubbles and pain in his eye.

Defendant Mettry told Plaintiff to look at the call-out for scheduling. Plaintiff was called to medical three times, but each time, the eye specialist was not there to see him. He was rescheduled each time.

On the fourth appointment, Plaintiff was seen by an eye doctor. The doctor told Plaintiff that he was going to perform a third surgery. Plaintiff told the doctor that he did not trust him because it was going to be the third surgery. The doctor did not know that Plaintiff had been subjected to two previous surgeries. The doctor told Plaintiff that he would not force Plaintiff to have the surgery.

Plaintiff explains that he does not speak, write or understand English, and the eye doctor did not speak Spanish. Plaintiff believes that his communication was hindered by the language barrier, though he declined further surgeries because of distrust. Plaintiff told the doctor that he would resort to the courts for assistance.

4

Based on these allegations, he contends that Defendants did not tell him that he would be "exposed" to a series of surgeries. ECF No. 1, at 3. The second surgery was performed to correct the mistakes of the first surgery. Plaintiff states that his left eye is now worse than it was before the surgeries, and he is in pain and losing eyesight. Plaintiff believes that Defendants knew of his eye problem but delayed medical assistance.

**C.    DISCUSSION**

  1.    Linkage

To state a claim, Plaintiff must link each named defendant to a violation of his constitutional rights; there is no *respondeat superior* liability under Bivens. Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010).

Although Plaintiff names Defendant Nurse Franco as a Defendant, he fails to allege any specific facts against her. In his causes of action, he simply states that she was negligent in failing to provide medical care, and knew of his eye problem but delayed assistance. Legal conclusions, without factual support, are insufficient to state a claim.

Accordingly, Plaintiff fails to state a claim against Defendant Nurse Franco.

  2.    Fifth Amendment

Plaintiff alleges that Defendants violated his due process rights under the Fifth Amendment. His claim is based on his belief that Defendants provided negligent medical care and/or ignored his requests for medical assistance.

When a constitutional amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, not the more generalized notion of substantive due process, must govern. See County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

Here, Plaintiff's medical claims are governed by the Eighth Amendment and are therefore not cognizable under the Fifth Amendment.

3.  Eighth Amendment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff's complaint is based on his belief that Defendants delayed in providing medical care. However, while a delay in providing medical care may state a claim under the Eighth Amendment, a defendant's actions must be purposeful and substantial. Mere negligence or inadvertence, or a difference in medical judgment or opinion does not amount to deliberate indifference. See Estelle, 429 U.S. at 105-06; see also McGuckin, 974 F.2d at 1060 ("A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established.").

In his allegations, Plaintiff contends that he asked Defendants Franco, Mettry, Gardea, Copenhaver and Wong for medical assistance. He contends that they told him to submit sick-calls and/or ignored his requests. He does not suggest that they acted with the requisite state of mind, however. The fact that they did not act immediately on his requests, without more, does not rise to the level of an Eighth Amendment violation. In other words, there is no indication that Defendants' actions were purposeful.

Moreover, Plaintiff cites various delays of weeks or months, but he does not link any named Defendant to the actual delay. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir.2013).

As to Defendants Wong, Grim and Grossman, Plaintiff contends that they provided inadequate medical treatment for various reasons. Specifically, he contends that (1) Defendant Wong performed a physical examination instead of an eye examination; (2) Defendant Grim overmedicated him during one of the surgeries; and (3) Defendant Grossman failed to inform him of the possibility of numerous surgeries and rendered inadequate medical care. Again, however, Plaintiff fails to allege facts to suggest that these Defendants acted with deliberate indifference. Even assuming that Defendants erred, a finding which is not necessarily supported by the record, an Eighth Amendment claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Finally, insofar as Plaintiff contends that Defendants Copenhaven and Mettry failed to train their subordinates, he cannot do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); *accord Lemire*, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.

### D.   **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may

not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 21, 2015**                    /s/ Dennis L. Beck
                                                                    UNITED STATES MAGISTRATE JUDGE