# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL LOPEZ-RANGEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAUL COPENHAVER, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-01175 DLB PC<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE |

Plaintiff Ismael Lopez-Rangel ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on July 28, 2014, pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.[1]

In a December 19, 2014, filing, Plaintiff indicated that he is a citizen of Mexico and would be deported upon release, which was within six months. Plaintiff asked that his case be expedited in light of his upcoming release and deportation.

On January 22, 2015, the Court screened the complaint and dismissed it with leave to amend. Plaintiff filed his amended complaint on March 2, 2015.

According to the Bureau of Prisons Inmate Locator, Plaintiff was released from custody on May 4, 2015.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on August 13, 2014.

1

1  Based on Plaintiff's notice to the Court of his upcoming release and deportation, as well as his May 5, 2015, release, the Court issued an order to show cause on September 16, 2015, why the action should not be dismissed for Plaintiff's failure to file a notice of change of address.

On September 23, 2015, the order to show cause was returned by the United States Postal Service with a notation, "Undeliverable.  No longer at this facility."

Plaintiff has not otherwise communicated with the Court or filed a notice of change of address.

## **DISCUSSION**

Plaintiff is required to keep the Court apprised of his current address at all times, and Local Rule 183(b) provides, "If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."  Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[2]

Plaintiff's address change was due by November 25, 2015, but he failed to file one and he has not otherwise been in contact with the Court.  Fed. R. Civ. P. 6(d); Local Rule 183(b).  "In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  *In re PPA*, 460 F.3d at 1226 (citation omitted).

The expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal.  *Id.* at 1227.  Further, an opposing party is necessarily prejudiced by the aging of

---

[2] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute.  *Hells Canyon Preservation Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

a case left to idle indefinitely as a result of the plaintiff's disinterest in either moving forward or taking action to dismiss the case. *Id.*

With respect to the fourth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* at 1228.

Finally, given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute. *In re PPA,* 460 F.3d at 1228-29; *Carey*, 856 F.2d at 1441.

**ORDER**

Accordingly, the Court HEREBY DISMISSES this action, without prejudice, based on Plaintiff's failure to prosecute by keeping the Court apprised of his current address. Fed. R. Civ. P. 41(b); Local Rule 183(b).

IT IS SO ORDERED.

Dated:   **December 9, 2015**                             /s/ *Dennis L. Beck*
                                                          UNITED STATES MAGISTRATE JUDGE