# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL LOPEZ-RANGEL,<br><br>   Plaintiff,<br><br>   v.<br><br>PAUL COPENHAVER, et al.,<br><br>   Defendants. | Case No. 1:14-cv-01175 DLB PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Ismael Lopez-Rangel ("Plaintiff"), a former federal prisoner proceeding pro se and in forma pauperis, filed this civil action on July 28, 2014, pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.

On January 22, 2015, the Court screened Plaintiff's complaint and dismissed it with leave to amend. Plaintiff filed a First Amended Complaint on March 22, 2015.[1] He names the United States, USP-Atwater Warden Copenhaver, Health Service Administrator Ms. Mettry, Nurse Franco, Doctors Franco, Grossman and Grimm, Physician's Assistant Wong and Counselor Gardea as Defendants.[2]

///

///

---

[1] This action was dismissed without prejudice on December 9, 2015, after Plaintiff was released and deported, but failed to keep the Court apprised of his current address. Plaintiff, who now resides in Mexico, filed a notice of change of address on January 21, 2016. The Court reopened this action on January 26, 2016.

[2] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on August 13, 2014.

1

A.   **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. "Actions under [42 U.S.C.] § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991). To state a claim under Bivens, a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. See Van Strum, 940 F.2d at 409.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

B.   **PLAINTIFF'S ALLEGATIONS**

Plaintiff has been released from federal custody and is currently residing in Mexico.

The events at issue occurred while he was incarcerated at USP-Atwater.

Plaintiff alleges that upon arrival at USP-Atwater, he contacted Health Services and

2

1  requested medical assistance for an eye problem.  Plaintiff told Health Services that he needed
2  surgery for an eye infection.  Medical told him to submit a cop-out.  Plaintiff submitted a cop-out,
3  but was then told to submit a sick-call form.  Plaintiff didn't understand because Defendant Dr.
4  Franco told him to submit a cop-out, but Defendant Mettry of Health Services told him to submit a
5  sick-call.

6        Plaintiff told Defendant Gardea, his counselor, about his medical problems, but he did not
7  help.

8        Plaintiff then went to Defendant Copenhaver, the Warden.  He told Plaintiff that Defendant
9  Mettry was going to look into Plaintiff's eye problem, but she never did.

10        Plaintiff submitted another cop-out and Defendant Wong received it.  However, seven or
11  eight months passed before Plaintiff received his first eye surgery.

12        Plaintiff contends that the surgery was the result of his notification that he was going to
13  initiate a complaint against Medical.

14        After his surgery, Plaintiff experienced intense pain, loss of sight, headaches, nausea and
15  other painful symptoms.  He requested medication and eye drops from Health Services, but he was
16  told that he needed to submit a cop-out and would then be seen in two to three days.

17        Plaintiff followed orders and submitted a cop-out.  He did not get a response and submitted
18  another one.

19        After fifteen to twenty days of waiting, the pain forced Plaintiff to remove his bandages.  He
20  was not able to see properly and discovered that he was losing sight.

21        Plaintiff submitted another cop-out, but he was not called to Medical and his cop-outs were
22  not answered.

23        Plaintiff submitted three more cop-outs.  Eight months later, he was called to Medical and
24  informed of a second surgery.

25        Plaintiff underwent a second eye surgery.  Plaintiff alleges that Defendant Grossman
26  performed the first two surgeries.  One surgery was unsuccessful, and his eye worsened.  Plaintiff
27  also contends that Defendant Grossman failed to inform him of any additional surgeries, and failed
28  to provide adequate medical care.

Plaintiff contends that prior to the second surgery, Defendant Grim administered anesthesia. However, he overmedicated Plaintiff, resulting in vomiting, headaches and dizziness.

When Plaintiff returned from the surgery, he experienced vomiting, nausea and respiratory problems. Medical gave him a shot to reduce the vomiting. After the shot, he did not receive any other medication and was sent back to his Unit.

Plaintiff was in pain all night. He notified Bureau of Prisons ("BOP") officials of his pain and eye problem, but they ignored his requests for medical attention. Plaintiff was told by the 6A-Unit BOP officials to submit another cop-out to Medical so that he could get medical attention.

After three or four days, Medical called Plaintiff to examine his eye. Plaintiff had pain in his eye, but he believed that the pain was going away and that he was going to be able to see clearly in a couple of days.

About twenty days later, Plaintiff spoke with Defendant Mettry and informed her that he had a blister and what looked like a water bubble in his eye. Defendant Mettry only told Plaintiff that he should submit a cop-out.

Plaintiff submitted a cop-out and waited for a month with no answer. He submitted another cop-out, but again received no answer. Plaintiff then went to Defendant Copenhaver, Defendant Gardea, the Doctor and Physician's Assistant, as well as other medical personnel, to inform them of the blisters, red spots, water bubbles and pain in his eye.

Defendant Mettry told Plaintiff to look at the call-out for scheduling. Plaintiff was called to Medical three times, but each time, the eye specialist was not there to see him. He was rescheduled each time.

On the fourth appointment, Plaintiff was seen by an eye doctor. The doctor told Plaintiff that he was going to perform a third surgery. Plaintiff told the doctor that he did not trust him because it was going to be the third surgery. The doctor did not know that Plaintiff had been subjected to two previous surgeries. The doctor told Plaintiff that he would not force Plaintiff to have the surgery.

Plaintiff explains that he does not speak, write or understand English, and the eye doctor did not speak Spanish. Plaintiff believes that his communication was hindered by the language barrier,
///

though he declined further surgeries because of distrust.  Plaintiff told the doctor that he would resort to the courts for assistance.

Plaintiff also alleges that at some point, Defendant Wong performed a physical examination, but not an eye examination.  He states that he "clearly requested an eye exam, but no eye exam was ever performed."  ECF No. 11, at 15.

Based on these allegations, Plaintiff alleges violation of his due process rights under the Fifth Amendment, and cruel and unusual punishment in violation of the Eighth Amendment.  He also alleges a claim under the Federal Tort Claims Act ("FTCA") against the United States.

**C.    DISCUSSION**

The Court notes that Plaintiff's First Amended Complaint offers little, if any, additional factual information.  While Plaintiff has added, changed and/or deleted certain legal language in his claims for relief, the allegations in his First Amended Complaint remain largely the same as those in his original complaint.

1.    Linkage

To state a claim, Plaintiff must link each named defendant to a violation of his constitutional rights; there is no *respondeat superior* liability under Bivens.  Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010).

Although Plaintiff names Defendant Nurse Franco as a Defendant, he fails to allege any specific facts against her.  In his causes of action, he simply states that she was negligent in failing to provide medical care and in training and supervising her staff.  He also alleges that she knew of his eye problem but did not take any action.  Legal conclusions, without factual support, are insufficient to state a claim.

Accordingly, Plaintiff fails to state a claim against Defendant Nurse Franco.  Plaintiff was informed of this deficiency in the prior screening order, but failed to correct it.

///

///

///

2.      Fifth Amendment

Plaintiff alleges that Defendants violated his due process rights under the Fifth Amendment. This claim is based on his belief that Defendants provided negligent medical care and/or ignored his requests for medical assistance.

When a constitutional amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, not the more generalized notion of substantive due process, must govern.  See County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

Here, Plaintiff's medical claims are governed by the Eighth Amendment and are therefore not cognizable under the Fifth Amendment.

To the extent that Plaintiff alleges that Defendant Gardea's failure to remedy the situation hindered his right to "properly pursue relief through the administrative process," his claim fails. ECF No. 11, at 14.  The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).

3.      United States

Plaintiff names the United States as a Defendant "for exposing [him] to pain and suffering," and contends that the United States is liable under the FTCA as the employer of all parties to this action.  ECF No. 11, at 16.

A claim under the FTCA is a civil action against the United States, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment.[3]  28 U.S.C. § 1346(b).  The FTCA, 28 U.S.C. §§ 1346(b), 2671-2680, waives the sovereign immunity of the United States for certain torts committed by federal employees.  FDIC v. Meyer, 510 U.S. 471, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994).  As a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.

---

[3] Plaintiff is informed that violation of state tort law, such as negligence, is not sufficient to state a claim for relief under Bivens.

McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).  A lawsuit filed prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed.  McNeil, 508 U.S. at 113.

The claim presentation requirement is a jurisdictional prerequisite to bringing suit and must be affirmatively alleged in the complaint.  Gillispie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).  Here, Plaintiff fails to allege that he presented a claim to the appropriate federal agency.  His general allegation that he "exhausted all administrative remedies" does not satisfy this requirement with respect to his FTCA claim.  ECF No. 11, at 7.

The Court will permit Plaintiff leave to amend this claim.  Plaintiff bears the burden of establishing jurisdiction under the FTCA, and he must specifically allege compliance with the FTCA's administrative exhaustion requirement.  Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir.1990);Gillespie, 629 F.2d at 640.

4.   Eighth Amendment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

///

///

1           a.      *Defendants Dr. Franco, Mettry, Gardea and Copenhaver*

2         Insofar as Plaintiff alleges that Defendants Dr. Franco and Mettry ignored his medical needs, his facts show that he asked them for medical treatment and they instructed him to submit medical requests. In one instance, Defendant Mettry instructed Plaintiff to "look at the call-out for scheduling." ECF No. 11, at 11. Although Plaintiff may not have liked their instructions on how to obtain medical care, there is no indication that they acted with the requisite state of mind. Mere negligence or inadvertence, or a difference in medical judgment or opinion does not amount to deliberate indifference. See Estelle, 429 U.S. at 105-06; see also McGuckin, 974 F.2d at 1060 ("A defendant must *purposefully ignore or fail to respond* to a prisoner's pain or possible medical need in order for deliberate indifference to be established.") (emphasis added).

        Similarly, Plaintiff alleges that he asked Defendant Copenhaver for help with his eye problem, and that Defendant Copenhaver told him that Defendant Mettry would look into the issue. Again, Defendant Copenhaver responded to Plaintiff's inquiry and there is no indication that he acted with deliberate indifference. While Plaintiff alleges that Defendant Mettry did not follow-up, he does not link this failure to Defendant Copenhaver, nor does he provide sufficient facts about Defendant Mettry's failure to establish that she acted with deliberate indifference. Estelle, 429 U.S. at 105-106.

        As to Defendant Gardea, Plaintiff contends that he "informed Counselor Gardea about Plaintiff's medical problems, but he never did anything to help Plaintiff with Plaintiff's eye problem." ECF No. 11, at 9. Again, these allegations are too vague to demonstrate that Defendant Gardea's failure was deliberately indifferent. There is no indication that Defendant Gardea's actions were purposeful.

        Plaintiff also alleges that he informed Defendants Copenhaver, Gardea and Dr. Franco about blisters and red spots in his eye. However, Plaintiff's allegations show that he was then called for medical appointments. He states that he was rescheduled three times because the eye specialist "never appeared," but there is no indication that any Defendants were responsible for this. Plaintiff eventually saw the eye specialist at his fourth appointment.

///

1    Moreover, Plaintiff cites various delays of weeks or months, but he does not link any named
2    Defendant to the actual delay.  Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and
3    Rehab., 726 F.3d 1062, 1074-75 (9th Cir.2013).

4    Finally, insofar as Plaintiff alleges that Defendants Dr. Franco, Mettry and Copenhaver failed
5    to train and supervise USP-Atwater medical staff, he fails to state a claim.  Supervisory personnel
6    may not be held liable under section 1983 for the actions of subordinate employees based on
7    *respondeat superior*, or vicarious liability.  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013);
8    accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013);
9    Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be
10   liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a
11   sufficient causal connection between the supervisor's wrongful conduct and the constitutional
12   violation."  Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks
13   omitted); *accord Lemire*, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.

14   Although Plaintiff alleges that Defendants Dr. Franco, Copenhaver and Mettry failed to train
15   and supervise medical staff, he does not provide any factual support to either (1) directly link them
16   to this failure; or (2) suggest a causal connection between their alleged failures and a constitutional
17   violation.  A conclusory assertion that Defendants failed to properly train and supervise staff will not
18   support a cognizable claim for relief under section 1983.  Crowley, 734 F.3d at 977; Lemire, 726
19   F.3d at 1074-75.

20   For these reasons, Plaintiff fails to state a claim against Defendants Mettry, Copenhaver,
21   Gardea and Dr. Franco.  Plaintiff was informed of these deficiencies in the prior screening order, but
22   has not corrected them.

23         b.    *Defendant Wong*

24   Plaintiff's allegation that Defendant Wong failed to provide care after Plaintiff told her about
25   blisters and red spots fails for the reasons noted above.

26   Plaintiff also alleges that Defendant Wong received a cop-out slip, but that seven or eight
27   months then passed before Plaintiff received surgery.  Plaintiff does not connect Defendant Wong to
28   this delay, however.

Finally, Plaintiff contends that Defendant Wong provided the "wrong" treatment when he performed a physical even though Plaintiff specifically requested an eye exam. He does not provide facts to show that Defendant Wong acted with deliberate indifference, however. Even assuming that Defendant Wong erred, a finding which is not necessarily supported by the record, an Eighth Amendment claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff therefore fails to state a claim against Defendant Wong. Plaintiff was informed of these deficiencies in the prior screening order, but has failed to correct them.

### c. *Defendants Grossman and Grim*

Plaintiff argues that Defendant Grossman's "malpractice" during an unsuccessful eye surgery and Defendant Grim's "negligent actions in overmedicating Plaintiff with anesthesia" violated the Eighth Amendment. ECF No. 11, at 16. Again, however, Plaintiff does not provide sufficient facts to show that they acted with the requisite state of mind. As explained above, even if Defendants Grossman and Grim erred in their treatment, an Eighth Amendment claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff therefore fails to state a claim against Defendants Grossman and Grim. Plaintiff was informed of these deficiencies in the prior screening order but has failed to correct them.

### D. **CONCLUSION AND ORDER**

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted under section 1983 or the FTCA. The Court will provide Plaintiff with a **FINAL** opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint or a notice of voluntary dismissal; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 29, 2016**              /s/ Dennis L. Beck
                                           UNITED STATES MAGISTRATE JUDGE