1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 EASTERN DISTRICT OF CALIFORNIA

10

11 ISMAEL LOPEZ-RANGEL,                    Case No. 1:14-cv-01175 DLB PC

12            Plaintiff,                   ORDER DISMISSING ACTION
                                          FOR FAILURE TO COMPLY
13      v.                                WITH COURT ORDER AND
                                          FAILURE TO PROSECUTE
14 PAUL COPENHAVER, et al.,

15            Defendants.

16

17        Plaintiff Ismael Lopez-Rangel ("Plaintiff"), a former federal prisoner proceeding pro se and

18 in forma pauperis, filed this civil action on July 28, 2014, pursuant to <u>Bivens v. Six Unknown</u>

19 <u>Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for

20 violation of civil rights by federal actors.[1]

21        On January 22, 2015, the Court screened Plaintiff's complaint and dismissed it with leave to

22 amend.  Plaintiff filed a First Amended Complaint on March 2, 2015.

23        The action was subsequently dismissed without prejudice on December 9, 2015, after

24 Plaintiff was released and deported, but failed to keep the Court apprised of his current address.

25 Plaintiff, who now resides in Mexico, filed a notice of change of address on January 21, 2016.  The

26 Court reopened this action on January 26, 2016.

27 ///

28

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on August 13, 2014.

On January 29, 2016, the Court screened Plaintiff's First Amended Complaint and dismissed it with leave to amend.  Plaintiff was ordered to file an amended complaint within thirty (30) days.  The Court noted that this would be Plaintiff's final opportunity to cure the deficiencies.

At this time, almost three months have passed since the Court's January 29, 2016, order, and Plaintiff has not filed an amended complaint or otherwise communicated with the Court.

## DISCUSSION

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  *In re PPA*, 460 F.3d at 1226 (citation omitted).

The expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal.  *Id.* at 1227.  Further, an opposing party is necessarily prejudiced by the aging of a case left to idle indefinitely as a result of the plaintiff's disinterest in either moving forward or taking action to dismiss the case.  *Id.*

With respect to the fourth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  *Id.* at 1228.

Finally, this case has now been pending since June 28, 2014, and there is no operative complaint on file.  The Court has been lenient with Plaintiff in reopening this action and affording him numerous opportunities to prosecute this action.  Additionally, given that Plaintiff resides in Mexico, the Court gave Plaintiff sufficient time past the thirty (30) day deadline prior to taking action.  Plaintiff was warned that dismissal would result if he did not file an amended complaint.

## **ORDER**

Accordingly, the Court HEREBY DISMISSES this action, without prejudice, for Plaintiff's failure to follow the Court's orders and failure to prosecute.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **April 27, 2016**                         **/s/ Sandra M. Snyder**
                                                            UNITED STATES MAGISTRATE JUDGE